Janice M. Michaels
Nevada Bar No. 6062
Stephen N. Rosen
Nevada Bar No. 10737
Jennifer Bailey
Nevada Bar No. 11906
**WOOD, SMITH, HENNING & BERMAN LLP**
7674 West Lake Mead Boulevard, Suite 150
Las Vegas, Nevada 89128-6644
Phone: 702 251 4100 ♦ Fax: 702 251 5405

Attorneys for Plaintiff,
RICHMOND AMERICAN HOMES OF NEVADA, INC.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RICHMOND AMERICAN HOMES OF NEVADA, INC, a foreign corporation doing business in Nevada,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD STANTON, individually; ZAYDA BUSTOS, individually; and ANTHONY and DEVRON TURNER, individually.<br><br>Defendants. | CASE NO. 2:12-cv-01908-RCJ-CWH<br><br>**JOINT MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. #18)** |

Plaintiff, RICHMOND AMERICAN HOMES OF NEVADA, INC., and Defendants, RICHARD STANTON, ZAYDA BUSTOS and ANTHONY AND DEVRON TURNER (hereinafter "Defendants"), by and through their respective counsel of record, hereby request an Order staying all discovery pending the Court's determination of Defendants' Motion for Summary Judgment (Doc. #18).

/ / /

/ / /

/ / /

/ / /

This Motion is being brought pursuant to Fed. R. Civ. P. 29 and LR 7-2 and is supported by the following memorandum of points and authorities, the pleadings and papers on file and any oral arguments that this Court may entertain at the time of any hearing scheduled for this matter.

DATED: February 28, 2013       WOOD, SMITH, HENNING & BERMAN LLP

By: /s/ Jennifer Bailey
JANICE M. MICHAELS
Nevada Bar No. 006062
STEPHEN N. ROSEN
Nevada Bar No. 010737
JENNIFER BAILEY
Nevada Bar No. 11906
7674 West Lake Mead Boulevard, Suite 150
Las Vegas, Nevada 89128-6644
Attorneys for Plaintiff, RICHMOND AMERICAN HOMES OF NEVADA, INC.

DATED: February 28, 2013       CANEPA RIEDY &RUBINO

By: /s/ Terry W. Riedy
TERRY W. RIEDY
Nevada Bar No. 003895
851 S. Rampart Boulevard, # 160
Las Vegas, Nevada 89145
Attorneys for Defendants, RICHARD STANTON; ZAYDA BUSTOS; and ANTHONY and DEVRON TURNER

///
///
///
///
///
///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## RELEVANT FACTS AND RELEVANT PROCEDURAL HISTORY

This is an action for Declaratory Relief as to the rights, responsibilities and obligations of the parties under N.R.S. Chapter 40 and as to the validity, scope and sufficiency of the "Notice of Defects Pursuant to N.R.S. § 40.645" (hereinafter "Chapter 40 Notice") served on Richmond American Homes of Nevada, Inc. (hereinafter "Richmond") by Defendants Richard Stanton, Zayda Bustos and Anthony and Devron Turner (hereinafter "Defendants"). Defendants are the respective owners of three (3) single-family homes located within the residential development commonly known as Sunrise Valley Estates (hereinafter "Sunrise Valley"), which consists of approximately 316 residences developed by Richmond.

By way of the Chapter 40 Notice, Defendants sought to give notice on behalf of themselves, as well as on behalf of all homeowners within Sunrise Valley, of allegedly defective "Aspen-made [trade name] horizontal cased evaporator coil frames" located in the attics of the homes at Sunrise Valley. Richmond objected to the Defendants' Chapter 40 Notice, including that it fails to satisfy the statutory requirements of N.R.S. § 40.465, et seq. (hereinafter "N.R.S. Chapter 40") as to the named Defendants and the unnamed homeowners. Richmond further denies the allegations contained therein.

Based on its objections, Richmond commenced this action for Declaratory Relief on November 7, 2012 regarding the rights, responsibilities and obligations of Richmond and the Defendants under N.R.S. Chapter 40. (Doc. #1). By way of this action, Richmond seeks a determination as to whether the Chapter 40 Notice satisfied the requirements of N.R.S. Chapter 40 to provide notice on behalf of all homeowners in Sunrise Valley, such that Richmond is required to take action in response to the Notice. In addition, in the event the Chapter 40 Notice is found sufficient, Richmond also seeks a declaration as to the proper method of contacting each of the unnamed homeowners so that it may provide notice of the alleged common defect pursuant to N.R.S. §40.6452(2),

LEGAL:05562-0614/2560238.1

-3-

1 and the proper method to coordinate and conduct inspections of the residences.

2 On November 29, 2012, Defendants brought a Motion for Summary Judgment (Doc. #18), whereby they seek an immediate determination, without further discovery, as to the sufficiency of the Chapter 40 Notice. (Doc. #18). In addition, Defendants seek a determination regarding the manner in which inspections are to be carried out. (Id.). In opposition, Richmond maintains that the Chapter 40 Notice is statutorily defective and fails to provide proper notice of the Defendant's' claims on behalf of unnamed homeowners within Sunrise Valley. (Doc. #20). This Motion is fully briefed and pending decision by the Court.

On December 11, 2012, this Court ordered a stay of the N.R.S. Chapter 40 pre-litigation process as to the *unnamed* homeowners in Sunrise Valley, pending outcome of this action. (Doc. #19).

On January 10, 2013, the Court issued an Order setting the discovery deadlines to govern this action. (Doc. #24). According to the schedule, the deadline to amend pleadings and add parties was February 14, 2013, the deadline to disclose initial experts is March 15, 2013, the deadline to disclose rebuttal experts is April 15, 2013, the discovery cut-off deadline is May 15, 2013 and the deadline to file dispositive motions is June 14, 2013.

Based on the potential that the Court's decision on the Defendants' pending Motion for Summary Judgment will render the underlying Declaratory Relief Action moot, the parties submitted a Stipulation to Stay Discovery Pending the Resolution of Defendants' Motion for Summary Judgment On February 14, 2013, the (Doc. #25). On February 15, 2013, the Court denied without prejudice the parties' Stipulation based on insufficient showing as to why a stay of discovery is justified. The parties hereby renew their request for a stay of all discovery deadlines pending the Defendants' Motion for Summary Judgment (Doc. #18) by way of this Joint Motion. As set forth herein, a stay of discovery is justified as the issues in controversy in this Declaratory Relief action are likely to be resolved upon the Court's decision of the pending dispositive motion, thereby

furthering the efficiency of the judicial process and avoiding unnecessary expense to the litigants.

## II.

## LEGAL ARGUMENT

This Court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). A district court has discretionary power to stay proceedings in its own court pursuant to its power "to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.". *Landis v. N.A. Co.*, 299 U.S. 248, 254–255 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55, 57 S.Ct. at 166 (citations omitted). Whether to grant a stay is within the discretion of the Court and its decision to allow or deny discovery is reviewable only for abuse of discretion. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (citing *Munoz–Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir.1984)). Furthermore, the Supreme Court has held that a motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of a court's discretion. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936),

To determine whether a stay of discovery is justified while a dispositive motion is pending, this Court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall "be construed and administered to secure the just, speedy, and *inexpensive* determination of every action." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602-03 (D. Nev. 2011) (emphasis added). Trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). Further, Rule 26(c)(1) of the Federal Rules of Civil Procedure provide that a Court may issue orders to protect parties from undue burden or expense. Accordingly, this court must weight whether it is more just to (a) speed the parties along in discovery while the Defendants' Motion for Summary Judgment is pending, or (b) delay

discovery to accomplish the inexpensive determination of the case. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. at 602-03.

Here, a stay of discovery is justified as the resolution of the Defendants' pending Motion for Summary Judgment may render the underlying Declaratory Relief action moot as the issues in controversy in this action will be decided. *See Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 352 (N.D. Cal. 2003) (holding that a stay of discovery is appropriate where a pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed, and where the dispositive motion can be decided absent additional discovery) (citing *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985); *Church of Scientology of S.F. v. Internal Revenue Service*, 991 F.2d 560, 563 (9th Cir. 1993)).

As set forth above, this action for Declaratory Relief concerns the validity, scope and sufficiency of the Defendants' Chapter 40 Notice and the parties' corresponding rights, responsibilities and obligations under N.R.S. Chapter 40. Importantly, Defendants' Motion for Summary Judgment seeks an immediate declaration as to the primary issues in controversy in this Declaratory Relief action, without further discovery. Accordingly, the issues to be determined by the Defendants' Motion for Summary Judgment are the same issues as to be determined in this action for Declaratory Relief. As such, the parties anticipate that the Court's decision on the Defendants' pending dispositive Motion will resolve the disputed issues as to whether the Defendants' Chapter 40 Notice is valid such that the parties are required to proceed with the N.R.S. Chapter 40 pre-litigation process with respect to the *unnamed* homeowners. Furthermore, in the event the issues in controversy are not fully resolved by the Court's decision on the Motion for Summary Judgment, the Court's decision will likely limit the issues on which discovery, if any, is needed and provide greater clarification of the same. As such, it is paramount that the Motion for Summary Judgment is decided prior to the parties' participation in the discovery process.

Moreover, a stay of discovery is justified because of the nature of the issues to be

determined in the instant action for Declaratory Relief. In *Jarvis v. Regan*, the Ninth Circuit Court upheld a stay of discovery because the complaint did not raise factual issues that required discovery for their resolution. *Jarvis v. Regan*, 833 F.2d 149 (9th Cir.1987). Similarly, no additional factual discovery is needed prior to the Court's resolution of the issues raised in this Declaratory Relief action as the issues concern the sufficiency of the Defendants' Chapter 40 Notice and the parties' rights, responsibilities and obligations.

Finally, the requested stay of discovery will promote the just and inexpensive determination of this action as the pending dispositive Motion may render the underlying Declaratory Relief action moot and is anticipated to, at the very least, provide clarification as to the issues on which discovery is needed. Fed. R. Civ. P. Rule 1. Furthermore, the parties agree that a stay of discovery is necessary and is not for the purpose of causing any undue delay.

## III.

## CONCLUSION

WHEREFORE, Plaintiff and Defendants respectfully request entry of an Order staying discovery pending resolution of the Defendants' Motion for Summary Judgment (Doc. #18), as follows:

(1) All discovery in this action shall be stayed through twenty-one (21) days after the date the Court enters an Order resolving the pending Motion for Summary Judgment (Doc. #18) brought by Defendants in this matter.

(2) The Parties shall not be required to serve initial disclosures, pursuant to Fed. R. Civ. P. 26(a) until after the stay of discovery has expired.

(3) No party shall serve requests for discovery until after the stay of discovery has expired.

(4) This stay of discovery shall not prejudice any party's right to lift or extend the stay of discovery.

(5) The current discovery deadlines (Doc. #24) are hereby vacated. The

parties shall confer and propose to the Court an amended discovery plan and scheduling order setting forth a discovery schedule for this case within twenty-one (21) days after the Court resolves the pending Motion for Summary Judgment (Doc. #18).

(6) This stay of discovery applies to this proceeding only, and shall not stay the N.R.S. Chapter 40 pre-litigation process with respect to the *named* Defendants in this matter.

DATED: February 28, 2013       WOOD, SMITH, HENNING & BERMAN LLP

By: */s/ Jennifer Bailey*
JANICE M. MICHAELS
Nevada Bar No. 006062
STEPHEN N. ROSEN
Nevada Bar No. 010737
JENNIFER BAILEY
Nevada Bar No. 11906
7674 West Lake Mead Boulevard, Suite 150
Las Vegas, Nevada 89128-6644
Attorneys for Plaintiff, RICHMOND AMERICAN HOMES OF NEVADA, INC.

DATED: February 28, 2013       CANEPA RIEDY & RUBINO

By: */s/ Terry W. Riedy*
TERRY W. RIEDY
Nevada Bar No. 003895
851 S. Rampart Boulevard, # 160
Las Vegas, Nevada 89145
Attorneys for Defendants, RICHARD STANTON; ZAYDA BUSTOS; and ANTHONY and DEVRON TURNER

///
///
///
///
///
///

LEGAL:05562-0614/2560238.1

-8-

**ORDER**

IT IS SO ORDERED.

Dated this __4th__ day of March, 2013.

_____
UNITED STATES MAGISTRATE JUDGE